## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BOJIDAR D. GABROVSKI,

   Plaintiff,

  v.

NAVISTAR FINANCIAL CORPORATION,
a Delaware corporation, now doing business
as Navistar International Corporation,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

```
FILED
APRIL 7, 2008          YM
08CV1961
JUDGE PALLMEYER
No.
MAGISTRATE JUDGE ASHMAN
```

### COMPLAINT

Plaintiff Bojidar D. Gabrovski, by his counsel, Jeralyn H. Baran of the law firm of Chuhak & Tecson, P.C., complains against Defendant Navistar Financial Corporation, now, upon information and belief, doing business as Navistar International Corporation, as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) to secure protection and redress deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.    Plaintiff Bojidar D. Gabrovski is a male citizen of the United States who is residing in Illinois.

5.    Defendant Navistar Financial Corporation, which, upon information and belief, is now doing business as Navistar International Corporation, is a corporation properly recognized and sanctioned by the laws of the State of Delaware, which has continuously and does not employ more than 15 employees and is engaged in an industry that affects commerce. At all times relevant hereto, Defendant has conducted business in the State of Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.    Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2008. The EEOC issued Plaintiff a Notice of Right to Sue for this charge on January 18, 2008. The Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said 90 days period. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit A.

## COUNT I – SEX DISCRIMINATION

7.    Paragraphs 1 through 6 are incorporated by references as if fully set forth herein.

8.    On October 31, 2005, Defendant hired Plaintiff as the Manager of its Treasury Operations Department. Plaintiff earned a MBA from National Louis University in 2001. Before working for Defendant, he had years of experience in cash management working for other employers, including six years with Grant Thornton, LLP.

- 2 -

9.     Plaintiff began working for Defendant on November 2, 2005. Plaintiff reported directly to Mary Ellen Kummer of Defendant. Plaintiff had been hired to replace a female employee, Karen Kalejes, who purportedly was resigning the position of Manager to accept a different position within Defendant. After Plaintiff accepted the Manager position, Ms. Kalejes learned that she would not be moving to the new position. At that time, Ms. Kummer told Plaintiff that Ms. Kalejes would be staying on in the Treasury Operations Department for a few months doing special projects until she found something else within the Defendant. This was to be a temporary situation until Ms. Kalejes found a new position. During the entire tenure of Plaintiff's employment, Ms. Kalejes never relinquished her title as Manager and represented herself to others both in and out of Defendant as the Manager of Plaintiff's Department.

10.     When Ms. Kalejes was unable to find a new position within the Defendant after nearly a year's time, Ms. Kummer and Ms. Kalejes began a concerted effort to sabotage Plaintiff's work by, among other things, withholding information, giving Plaintiff false information and false direction. They also took conscious effort to isolate Plaintiff within the Department and Defendant. Ms. Kummer initiated a campaign to undermine Plaintiff's authority within the Department and denigrated him before others in the Department. Ms. Kummer took these efforts to encourage Plaintiff to resign his position and, when he did not, to manufacture reasons to terminate Plaintiff's employment in order to allow Ms. Kalejes to resume the Manager position.

11.     After Plaintiff challenged Ms. Kummer's actions, he was placed on probation and the hostility towards him increased. Ultimately, Ms. Kummer fired Plaintiff on March 16, 2007.

12.     Before it became apparent that Ms. Kalejes would not be finding a new position within Defendant, Plaintiff's performance had been evaluated favorably. After it became clear

- 3 -

that Ms. Kalejes would not be leaving the Department, Ms. Kummer began treating Plaintiff with

hostility and took actions to humiliate him before his staff.  These actions were taken to favor

Ms. Kalejes because of her sex.  When Plaintiff would not resign, Ms. Kummer manufactured

false information against him and terminated his employment.

13.    The aforementioned acts of Defendant were willful, reckless and malicious acts of

unlawful discrimination against Plaintiff because of his sex, in violation of TitleVII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

14.    As a direct and proximate result of the above alleged willful and reckless acts or

omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and

foregone wages and benefits and mental distress.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Bojidar D. Gabrovski prays for judgment against Defendant and

respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate rights guaranteed to Plaintiff

under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers,

successors, assigns and all persons in active concert or participation with them, from

engaging in any employment practice which unlawfully discriminates on the basis of sex;

C.    Order Defendant to make Bojidar D. Gabrovski whole by providing the

affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, punitive and other damages that this

Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone and future wages to Bojidar D.

Gabrovski;

756956\1\18199\33269

F.    Grant Plaintiff his attorney's fees, costs and disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II – RETALIATION

15.    Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16.    Plaintiff complained that Ms. Kummer of Defendant was unfairly discriminating against him based on his sex in order to favor and promote Ms. Kalejes.

17.    In the aftermath of his complaints, Defendant retaliated against Plaintiff for complaining by subjecting him to still further adverse treatment, including, but not limited to, questioning his work performance based on false accusations, disparaging Plaintiff's character in the presence of other employees, putting him on probation and then terminating his employment.

18.    The aforementioned acts of Defendant were willful, reckless and malicious acts of unlawful discrimination against Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

19.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and mental distress.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Bojidar D. Gabrovski prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from

- 5 -

engaging in any employment practice which unlawfully discriminates on the basis of sex

and retaliates against an individual for complaining of an unlawful employment practice

   C.     Order Defendant to make Bojidar D. Gabrovski whole by providing the

affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

   D.     Grant Plaintiff actual, consequential, punitive and other damages that this

Court may deem appropriate against Defendant;

   E.     Order Defendant to pay lost, foregone and future wages to Bojidar D.

Gabrovski;

   F.     Grant Plaintiff his attorney's fees, costs and disbursements; and

   G.     Grant Plaintiff such further relief as the Court deems necessary and proper

in the public interest.

### JURY TRIAL DEMANDED

   Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this

complaint.

### BOJIDAR D. GABROVSKI


By: s/Jeralyn H. Baran
               One of his Attorneys

Jeralyn H. Baran (6204145)
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 444-9300

# VERIFICATION

Under penalties as provided by law pursuant to Section 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Bojidar D. Gabrovski

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bojidar D. Gabrovski<br>472 Lincoln Ave<br>Lake Bluff, IL 60044 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL  7099 3400 0018 8814 7177

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01940 | Andrew Daley,<br>Investigator | (312) 886-7495 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_                          1-18-08

John P. Rowe,
District Director                          (Date Mailed)

Enclosures(s)

cc:    **NAVISTAR FINANCIAL CORP**



EXHIBIT
A