UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BOJIDAR D. GABROVSKI

        Plaintiff,

    v.

NAVISTAR FINANCIAL CORPORATION

        Defendant.

Case No. 08-CV-01961

Judge Pallmeyer

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Navistar Financial Corporation, by its attorney, Laura A. Lindner of Lindner & Marsack, S.C., for its answer to Plaintiff's Complaint in the above-captioned case, states as follows:

**COMPLAINT ¶ 1**:

This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C. § 2000e *et seq.* Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims and seek relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, but denies that it has violated Title VII in the manners alleged or in any other manner.

**COMPLAINT ¶ 2**:

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) to secure protection and redress deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendant admits that this action is purportedly based on a federal statute, but avers that it is unable to confer jurisdiction by admission.

**COMPLAINT ¶ 3**:

Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:** Defendant admits that venue is proper in this District.

**COMPLAINT ¶ 4**:

Plaintiff Bojidar D. Gabrovski is a male citizen of the United States who is residing in Illinois.

**ANSWER:** Defendant admits that Plaintiff is male that its records reflect that he is a citizen of the United States and resides in Illinois, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint, and therefore, denies the allegations.

**COMPLAINT ¶ 5**:

Defendant Navistar Financial Corporation, which, upon information and belief, is now doing business as Navistar International Corporation, is a corporation properly recognized and sanctioned by the laws of the State of Delaware, which has continuously and does not employ more than 15 employees and is engaged in an industry that affects commerce. At all times relevant hereto, Defendant has conducted business in the State of Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant is a Delaware corporation, and at all times relevant to this action, has employed more than 15 employees and is engaged in an industry affecting commerce, has conducted business in the State of Illinois, and is an "employer" as defined by 42 U.S.C. § 2000e(b). Except as specifically admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

**COMPLAINT ¶ 6**:

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2008. The EEOC issued Plaintiff a Notice of Right to Sue for this charge on January 18, 2008. The Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff

initiated this action within said 90 days [sic] period.  A true and correct of the Notice of Right to Sue is attached hereto as Exhibit A.

**ANSWER:**   Defendant admits the allegations in paragraph 6 of the complaint.

**COMPLAINT ¶ 7**:

Paragraphs 1 through 6 are incorporated by reference as if fully set forth herein.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 6 of the Complaint as its answer to paragraph 7 of the Complaint.

**COMPLAINT ¶ 8**:

On October 31, 2005, Defendant hired Plaintiff as the Manager of its Treasury Operations Department.  Plaintiff earned a MBA from National Louis University in 2001.  Before working for Defendant, he had years of experience in cash management working for other employers, including six years with Grant Thornton, LLP.

**ANSWER:**   Defendant admits that it hired Plaintiff as its Treasury Operations Manager on October 31, 2005, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore, denies the allegations.

**COMPLAINT ¶ 9**:

Plaintiff began working for Defendant on November 2, 2005.  Plaintiff reported directly to Mary Ellen Kummer of Defendant.  Plaintiff had been hired to replace a female employee, Karen Kalejes [sic], who purportedly was resigning the position of Manager to accept a different position with Defendant.  After Plaintiff accepted the Manager position, Ms. Kalejes [sic] learned that she would not be moving to the new position.  At that time, Ms. Kummer told Plaintiff that Ms. Kalejes [sic] would be staying on in the Treasury Operations Department for a few months doing special projects until she found something else within the Defendant.  This was to be a temporary situation until Ms. Kalejes [sic] found a new position.  During the entire tenure of Plaintiff's employment, Ms. Kalejes [sic] never relinquished her title as Manager and represented herself to others both in and out of Defendant as the Manager of Plaintiff's Department.

**ANSWER:**   Defendant denies the allegations in paragraph 9 of the Complaint, except to admit that Plaintiff reported to Mary Ellen Kummer; that Plaintiff had been hired to

3

replace Karen Kalejs, who is female; and that Kalejs was assigned to special projects in Defendant's Treasury department.

**COMPLAINT ¶ 10**:

When Ms. Kalejes [sic] was unable to find a new position with the Defendant after nearly a year's time, Ms. Kummer and Ms. Kalejes [sic] began a concerted effort to sabotage Plaintiff's work by, among other things, withholding information, giving Plaintiff false information and false direction. They also took conscious effort to isolate Plaintiff within the Department and Defendant. Ms. Kummer initiated a campaign to undermine Plaintiff's authority within the Department and denigrated him before others in the Department. Ms. Kummer took these efforts to encourage Plaintiff to resign his position and, when he did not, to manufacture reasons to terminate Plaintiff's employment in order to allow Ms. Kalejes [sic] to resume the Manager position.

**ANSWER:** Defendant denies the allegations in paragraph 10 of the Complaint.

**COMPLAINT ¶ 11**:

After Plaintiff challenged Ms. Kummer's actions, he was placed on probation and the hostility towards him increased. Ultimately, Ms. Kummer fired plaintiff on March 16, 2007.

**ANSWER:** Defendant denies the allegations in paragraph 11 of the Complaint, except to admit that on February 6, 2007, Plaintiff was placed on a performance improvement plan and on March 16, 2007, his employment with Defendant was terminated.

**COMPLAINT ¶ 12**:

Before it became apparent that Ms. Kalejes [sic] would not be finding a new position within Defendant, Plaintiff's performance had been evaluated favorably. After it became clear that Ms. Kalejes [sic] would not be leaving the Department, Ms. Kummer began treating Plaintiff with hostility and took actions to humiliate him before his staff. These actions were taken to favor Ms. Kalejes [sic] because of her sex. When Plaintiff would not resign, Ms. Kummer manufactured false information against him and terminated his employment.

**ANSWER:** Defendant denies the allegations in paragraph 12 of the Complaint.

4

**COMPLAINT ¶ 13**:

The aforementioned acts of Defendant were willful, reckless and malicious acts of unlawful discrimination against Plaintiff because of his sex, in violation of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

**ANSWER:**  Defendant denies the allegations in paragraph 13 of the Complaint.

**COMPLAINT ¶ 14**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and mental distress.

**ANSWER:**  Defendant denies the allegations in paragraph 14 of the Complaint.

**COMPLAINT ¶ 15**:

Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1 through 14 of the Complaint as its answer to paragraph 15 of the Complaint.

**COMPLAINT ¶ 16**:

Plaintiff complained that Ms. Kummer of Defendant was unfairly discriminating against him based on his sex in order to favor and promote Ms. Kalejes [sic].

**ANSWER:**  Defendant denies the allegations in paragraph 16 of the Complaint.

**COMPLAINT ¶ 17**:

In the aftermath of his complaints, Defendant retaliated against Plaintiff for complaining by subjecting him to still further adverse treatment, including, but not limited to, questioning his work performance based on false accusations, disparaging Plaintiff's character in the presence of other employees, putting him on probation and then terminating his employment.

**ANSWER:**  Defendant denies the allegations in paragraph 17 of the Complaint.

**COMPLAINT ¶ 18**:

The aforementioned acts of Defendant were willful, reckless and malicious acts of unlawful discrimination against Plaintiff because of his sex, in violation of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

**ANSWER:** Defendant denies the allegations in paragraph 18 of the Complaint.

**COMPLAINT ¶ 19**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits and mental distress.

**ANSWER:** Defendant denies the allegations in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for damages are barred to the extent that he has failed to make reasonable efforts to mitigate his damages, if any.

2. Plaintiff's claim for punitive damages is barred because Defendant has engaged in good faith efforts to comply with Title VII.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

WHEREFORE, Defendant requests that judgment be granted in its favor and against Plaintiff in the following manner:

1. That the Complaint be dismissed in its entirety;

2. That Plaintiff be ordered to pay Defendant's reasonable attorneys fees and costs incurred in defending this action; and

3. That Defendant be awarded such other relief as the Court may deem appropriate.

June 27, 2008                             Respectfully submitted,

                                                  NAVISTAR FINANCIAL CORPORATION

                                                  By:     s/Laura A. Lindner
                                                             Its Attorney

Laura A. Lindner
LINDNER & MARSACK. S.C.
225 W. Washington St. – Suite 2200
Chicago, IL  60606
(312) 924-0265
llindner@lindner-marsack.com