UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BOJIDAR D. GABROVSKI

      Plaintiff,

    v.

NAVISTAR FINANCIAL CORPORATION

      Defendant.

Case No. 08-CV-01961

Judge Pallmeyer

**AGREED JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

Plaintiff, BODJIDAR D. GABROVSKI, and Defendant, NAVISTAR FINANCIAL CORPORATION, by their respective attorneys, jointly move for entry of the attached Agreed Protective Order. As set forth in the Protective Order, the parties have or will produce various documents containing confidential and/or proprietary information, the disclosure of which the parties agree should be restricted to the parties, their counsel, and certain witnesses, and the utilization of which should be restricted to this action.  The Protective Order does not require that any documents covered by the Order be placed under seal (although the parties might need to redact confidential information in pleadings filed with the Court, and if the redacted information is material and necessary for the Court's consideration, the parties will present unredacted copies of the pleadings to the Court for *in camera* inspection and further direction on filing).

2

Accordingly, the parties request that the Court enter the attached Agreed Protective Order.

Respectfully submitted this 28th day of August, 2008.


By:    s/Jeralyn H. Baran
One of the Attorneys for Plaintiff
CHUHAK & TECSON, P.C.
30 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Phone:  (312) 444-9300
Facsimile: (312) 444-9027


By:    s/Laura A. Lindner
Attorney for Defendant
LINDNER & MARSACK, S.C.
411 E. Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202
Phone:  (414) 273-3910
Facsimile:  (414) 273-0522

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

BOJIDAR D. GABROVSKI

        Plaintiff,

   v.

NAVISTAR FINANCIAL CORPORATION

        Defendant.

Case No. 08-CV-01961

Judge Pallmeyer

---

**AGREED PROTECTIVE ORDER**

---

Plaintiff, BOJIDAR GABROVSKI, and Defendant, NAVISTAR FINANCIAL CORPORATION, by their respective attorneys, having agreed that the following restrictions shall apply to documents and information produced for inspection and copying pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, it is hereby ordered that:

1.  The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Documents and information protected by this Order shall include: (1) documents (and information contained therein) relating to current and former employees of Defendant, other than Plaintiff; (2) documents (and information contained therein) containing confidential and/or proprietary information relating to Defendant's business, including its financial operations; and (3) documents (and information contained therein) containing Plaintiff's social security number and other financially sensitive information (referred to hereafter as "Confidential Materials"

and marked with the word "CONFIDENTIAL").

2.   As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials shall also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Materials or information contained therein.

3.   During the pendency of this litigation, Confidential Materials shall be retained solely in the custody of the parties and their attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in paragraph 5 below, as otherwise agreed upon by the parties, or upon leave of Court.  Confidential Materials contain sensitive information and shall be utilized only for the purpose of this litigation. Any person shown Confidential Materials must be told of its confidential nature and must agree to keep it confidential.

4.   Upon completion of the litigation, each party shall return to the other or destroy all copies of Confidential Materials after the party who produced the Confidential Materials requests in writing that the Confidential Materials be returned or destroyed.  If the material is destroyed, counsel for the destroying party shall certify in writing that the destruction has taken place.

5.   The parties and counsel for the parties must not disclose or permit the disclosure of any Confidential Materials protected by this Order to any other person or

entity, except that disclosures may be made in the following circumstances:

    a.    Disclosure may be made to counsel for the parties and employees of counsel for the parties (e.g., attorneys, clerks, paralegals, and secretaries) who are directly involved in prosecuting or defending this litigation. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order.

    b.    Disclosure may be made only to employees of a party required in good faith to provide assistance in prosecuting or defending this litigation.

    c.    Witnesses or potential witnesses may review their own records.

    d.    Witnesses or potential witnesses may review Confidential Materials which they prepared or which were distributed to them in the normal course of business.

    e.    Confidential Materials may be used in all pretrial discovery proceedings, such as depositions, and may be filed in Court, such as in support of or in opposition to summary judgment, without having to be placed under seal. The parties agree to redact the confidential information contained in any Confidential Materials filed in Court and will, if necessary, present unredacted copies of the Confidential Materials to the assigned judge for *in camera* review.

    f.    Confidential Materials may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential Materials for the purpose of prosecuting or defending this litigation; and

    g.    Confidential Materials may be used in all other pretrial proceedings, at trial and on appeal of this case subject to the terms of this Order.

6.    Nothing in this order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the Confidential Materials as proscribed in this Order.

7. Any person or entity to whom Confidential Materials are disclosed in accordance with this Protective Order may use the Confidential Materials solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Materials to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

8. The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Materials to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in paragraph 5 or as otherwise commanded by law or provided in this Order.

9. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

10. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

11. Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Materials, then a party may petition the Court for a determination of these issues.

5

IT IS SO ORDERED.

ENTERED BY: _____
Rebecca R. Pallmeyer
U.S. District Judge

DATE: _____

AGREED TO BY:

  s/ Jeralyn H. Baran
Jeralyn H. Baran
Attorney for Plaintiff


  s/ Laura A. Lindner
Laura A. Lindner
Attorney for Defendant

5